IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

COYT BRYANT,

    Petitioner,                        No. 2:12-cv-2094 MCE GGH P

    vs.

MICHAEL BABCOK,               ORDER and

    Respondent.               FINDINGS & RECOMMENDATIONS

_____/

        Petitioner, a federal prisoner proceeding pro se, has filed a petition purportedly pursuant to 28 U.S.C. § 2241. Petitioner has not, however, filed an in forma pauperis affidavit or paid the required filing fee ($5.00). See 28 U.S.C. §§ 1914(a); 1915(a). For the reasons outlined below, the undersigned recommends that the petition be dismissed, pursuant to Local Rule 110, for failure to comply with Local Rule 183(b).

Background

        On December 4, 2007, petitioner was sentenced in the Eastern District of North Carolina to a custodial sentence of 195 months after his conviction under 18 U.S.C. §§ 922(g)(1) and 924(1), felon in possession of a firearm. See U.S. v. Bryant, 4:06-cr-00035-H, E.D.N.C., Doc. No. 52 (judgment). The district court had enhanced the sentence after determining that petitioner qualified as an Armed Career Criminal. Id., Doc. No. 68.

Petitioner appealed his sentence, challenging

> only the district court's reliance on a prior New York state conviction for second degree attempted burglary, asserting that the conviction does not qualify as a predicate offense under the Armed Career Criminal Act ("ACCA") because he received a sentence of exactly one year.

Id., Doc. No. 70 at 2.

On July 20, 2009, the Court of Appeals for the Fourth Circuit affirmed the conviction. See United States v. Bryant, Appeal No. 08-4031, Doc. No. 51 (4th Cir. 2009); U.S. v. Bryant, 4:06-cr-00035-H, E.D.N.C., Doc. Nos. 70, 71.

On March 29, 2010, petitioner filed a motion to vacate under 28 U.S.C. § 2255 in the Eastern District of North Carolina, which motion was dismissed on December 14, 2010. See U.S. v. Bryant, 4:06-cr-00035-H, E.D.N.C., Doc. Nos. 86, 96. In denying relief, the district court noted that "[a]t the heart of each of the claims in petitioner's motion is the court's classification of petitioner as an Armed Career Criminal. All of his claims are without merit." See id., Doc. No. 95 at 3. On April 5, 2011, the trial court denied reconsideration. Id. at 107. On July 26, 2011, the Fourth Circuit subsequently denied a certificate of appealability. See U.S. v. Bryant, Appeal No. 11-6103, Doc. No. 18 (4th Cir. 2011).

On November 10, 2011, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the Southern District of Indiana. See Bryant v. Lockett, 2:11-cv-00307 WTL WGH, Doc. No. 1. Petitioner listed his "Place of Confinement" as the United States Penitentiary in Terre Haute, Indiana. Id. Among other things, petitioner argued in this petition that the district court erroneously enhanced his sentence. See id., Doc. No. 1 at 8. The Indiana District Court directed petitioner to show cause why the action should be allowed to proceed as a petition under 28 U.S.C. § 2241, or, in the alternative, it should not be transferred to the sentencing district court. See id., Doc. No. 3. After petitioner responded, the Indiana District Court denied the petition, finding that petitioner

> seeks habeas corpus relief in this action based on his claim that his

> previous conviction for attempted burglary was a misdemeanor, not a felony, and therefore could not have supported the enhancement of his sentence. This contention was rejected in his direct appeal. [Petitioner] challenged his conviction with a § 2255 motion in the Eastern District of North Carolina and the trial court denied the motion.
>
> [Petitioner] offers no reason in his petition for a writ of habeas corpus or his supplement which persuades this court that a difference resolution – or even further adjudication – of this claim is now warranted.....[P]etitioner has sought relief pursuant to 28 U.S.C. § 2241 under circumstances which do not permit or justify the use of that remedy.

Id., Doc. 7 at 2.

Petitioner appealed, and the Court of Appeals for the Seventh Circuit affirmed, finding that

> [Petitioner] was convicted of being a felon in possession of a firearm in the Eastern District of North Carolina. His conviction was affirmed on appeal in *United States v. Bryant*, No. 08-4031, 329 Fed. Appx. 435 (4th Cir. 2009). And his motion under 28 U.S.C. § 2255 was denied. *Bryant v. United States*, 2010 WL 5173607, Nos. 4:06-cr-35-1H, 4:10-CV-40-H (E.D.N.C. Dec. 14, 2010). He seeks habeas corpus relief under 28 U.S.C. §2241 based on his claim that his conviction for attempted burglary was a misdemeanor, not a felony, and therefore could not have supported the enhancement of his sentence. This contention was raised in his direct appeal and in his § 2255 motion. Thus, [petitioner] has not shown that § 2255 is inadequate. We AFFIRM.....

Bryant v. Lockett, Appeal No. 12-1242 (7th Cir. March 14, 2012).

While petitioner was a prisoner at FCI-Herlong in the Eastern District of California, he filed with this court the instant petition for relief under 28 U.S.C. § 2241. See Doc. No. 1. Petitioner alleges that the district court improperly used his New York attempted burglary conviction to enhance his sentence. Petitioner further alleges that

> a writ of habeas corpus via 28 U.S.C. § 2241(c)(3) is the proper one legally, because a remedy via 2255 is inadequate or ineffective to test the legality of the detention when a legal theory that could not have been presented under 2255 establishes the petitioner's actual innocence.

Doc. No. 1 at 5.[1]

---

[1] Although it is not disclosed in his petition, petitioner previously filed an application for relief pursuant to 28 U.S.C. § 2241 in this district on April 11, 2012, which application was denied on April 24, 2012. See Bryant v. Rios, 1:23-cv-562, Doc. No. 6. The order dismissing the petition notes that petitioner "claims that, for sentencing purposes, he does not have the

3

A review of the court's docket reflects that, while this petition has been pending in this district, petitioner was moved to FCI-Dublin, which is in Alameda County, within the jurisdiction of the Northern District of California. See Doc. No. 3, Petitioner's Notice of Change of Address. Recently, mail addressed to the petitioner at FCI-Dublin has been returned to the court by the post office as "undeliverable." See Docket Entry for October 1, 2012.

According to the Bureau of Prisons ("BOP") Inmate Locator Service, petitioner is currently confined at the United States Penitentiary - Hazelton, which is located in the Northern District of West Virginia. See Inmate Locator, http://www.bop.gov/iloc2/LocateInmate.jsp (last visited October 16, 2012).[2]

A review of the records maintained by the District Court for the Northern District of West Virginia reflects that, on September 28, 2012, petitioner filed an application under 28 U.S.C. § 2241 for writ of habeas corpus. See Bryant v. O'Bryan, 2:12-cv-69-JPB-JSK, Doc. No. 1. In the West Virginia petition, petitioner alleges that the North Carolina district court improperly enhanced his sentence. Id.

Petitioner does not disclose on the West Virginia petition that he has a pending petition seeking identical relief in the Eastern District of California. Petitioner has additionally not notified this court of the most recent change in his address, in violation of Local Rule 183(b).[3]

\\\\\

\\\\\

---

requisite qualifying prior conviction which subjected him to the mandatory enhancement." Id. Petitioner has filed an appeal of the April 24, 2012 decision, which appeal is currently pending in the Court of Appeals for the Ninth Circuit. See Bryant v. Rios, Appeal No. 12-16039.

[2] The court takes judicial notice of this information which is available to the public. See U.S. v. Basher, 629 F.3d 1161, 1165 n. 2 (9th Cir. 2011).

[3] A review of the docket for petitioner's pending appeal in the Ninth Circuit reflects that, on September 24, 2012, he notified that court of his change of address to USP-Hazelton. See U.S. v. Bryant, Appeal No. 12-16039, Doc. No. 4.

Analysis

Generally, a motion pursuant to § 2255 is the appropriate vehicle by which to challenge a conviction. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988), citing, inter alia, 28 U.S.C. § 2255. See also, Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) ("[i]n general, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention"), citing United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997) ("holding that, in general, '[a] federal prisoner authorized to seek relief under section 2255 may not petition for habeas corpus relief pursuant to section 2241"). Importantly, the remedies pursuant to § 2255 are not inadequate simply because the claim would be dismissed under § 2255 for procedural reasons. Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999).

Of critical importance here, only a sentencing court has jurisdiction over a § 2255 motion. 28 U.S.C. § 2255; Tripati, 843 F.2d at 1163.[4] If the petition is construed as a motion under § 2255, only the Eastern District of North Carolina has jurisdiction. If the petition is correctly brought under § 2241 (to attack the execution of sentence as opposed to its legality), the district of incarceration, which is currently the Northern District of West Virginia, is the proper place to bring the action. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000).

The Ninth Circuit has also held that because of the jurisdictional nature of the § 2255 inquiry, "a court must first determine whether a habeas petition is filed pursuant to § 2241 or § 2255 before proceeding to any other issue." Id.

There is no need to reach the substantive questions, as, generally, federal courts should not decide federal constitutional questions where a dispositive, non-constitutional ground

---

[4] "Because a section 2255 motion may be brought only in the sentencing court, the Arizona district court, under this approach, correctly dismssed for lack of jurisdiction." Tripati, 843 F.2d at 1163. The Seventh Circuit takes issue with the "jurisdictional nature" of the sentencing court having to hear the § 2255 motion. Harris v. Warden, 425 F.3d 386, 388 (7th Cir. 2005). However, the Ninth Circuit has held the matter jurisdictional, and that is the end of the matter for the undersigned.

is available. Correa v. Clayton, 563 F.2d 396, 400 (9th Cir. 1977), citing Hagans v. Lavine, 415 U.S. 528, 547, 94 S.Ct. 1372 (1974).  In this case, the court can do so by finding that petitioner has failed to comply with Local Rule 183(b), and recommending that the court dismiss this petition for failure to prosecute.  While the local rule warns parties that the court may dismiss an action if no address change is received within 63 days after the return of mail, in this case, the court will recommend dismissing before the conclusion of the 63 days, because petitioner (1) is now confined outside the district; (2) petitioner has made no allegation that he will return to the district; (3) petitioner previously complied with the court's address change rule, indicating that he is familiar with it, but has not done so for his most recent change (although he did notify another court); and (4) petitioner has filed a new habeas petition in his new custodial district which omits any mention of the instant petition.  In addition, the court will direct that a copy of this order be served on petitioner at his last known address, and at his current address as reported by the BOP Inmate Locator in order to ensure that petitioner has notice of the court's activity in his case.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The Clerk shall serve a copy of these findings and recommendations on: (1) respondent, through counsel; and (2) the petitioner at his address of record, as well as at: Coyt Bryant, 25558-056, USP Hazelton, U.S. Penitentiary, P.O. Box 2000, Bruceton Mill, WV 26525.

IT IS HEREBY RECOMMENDED that this action be dismissed for movant's failure to keep the court apprised of his current address (see Local Rules 183(b) and 110).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  Plaintiff is advised that failure to file

1 objections within the specified time may waive the right to appeal the District Court's order.
2 <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3 DATED: October 24, 2012

           /s/ Gregory G. Hollows
        UNITED STATES MAGISTRATE JUDGE

ggh:rb
brya2094.233